CALHOUN v. STATE.

(Division A.   April 29, 1935.)

[161 So. 297.   No. 31346.]

Engle & Laub, of Natchez, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

Appellant, Lee Calhoun, was indicted and convicted of unlawfully and willfully moving cattle from the state of Louisiana to a point in the state of Mississippi, called Meringo Island, in violation of the State Livestock Law (Code 1930, section 5412 et seq.), requiring that before cattle may be removed from Louisiana into Mississippi they shall be inspected and found free of ticks, and shall be dipped under the supervision of a bureau inspector, and a federal certificate shall be issued authorizing their movement to a point of destination in Mississippi. From a judgment sentencing the appellant to pay a fine of fifty dollars, he has appealed to this court.

In response to a request by the court for additional briefs on certain points presented in his original brief, counsel for the appellant, for the first time, present an argument that the peremptory instruction requested by the appellant should have been granted for the reason that the proof fails to show that no federal certificate or permit for the removal of the cattle was issued to him.

The proof shows that federal certificates or permits for the removal of cattle from Louisiana to Mississippi must be secured by application to the United States Bureau of Animal Industry, located at Baton Rouge, Louisiana, and that when such a certificate is issued by that office, it is customary to mail a copy thereof to the office of the said bureau located in the Tower building, Jackson, Mississippi, or direct to the secretary of the Mississippi live

stock board, whose offices are located in the old capitol building, at Jackson, Mississippi. In the event a copy of such a certificate is received by the office of the Bureau of Animal Industry in Jackson, Mississippi, it is customary to there prepare a further copy and mail it to the office of the state live stock board.

To meet the burden of showing that no federal certificate or permit for the removal of the cattle in question to Meringo Island was issued, the state offered only the testimony of the secretary of the Mississippi live stock board to the effect that he had examined the records of certificates on file in the office of that board in Jackson, Mississippi, and had found no copy of a certificate permitting the appellant to move the cattle into Louisiana from Mississippi. The attorney-general has filed no brief in this cause, and we have not been cited to any law or rule or regulation having the effect of law, which requires the United States Board of Animal Industry, of Baton Rouge, Louisiana, to file in the office of the Mississippi live stock board copies of permits issued for the removal of cattle into Mississippi. Consequently, the proof upon this point is not aided by any presumption; and we think it was insufficient to warrant the conviction of appellant, and that the peremptory instruction requested by him should have been granted.

The judgment of the court below will therefore be reversed, and the appellant discharged.

Reversed and appellant discharged.